UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA J. SCHAFER, individually
and on behalf of similarly situated persons,

       Plaintiff,

   v.

ALLIED INTERSTATE LLC,
LVNV FUNDING LLC, and
RESURGENT CAPITAL SERVICES L.P.,

       Defendants.
_____/

Case No. 17-cv-233

JURY DEMANDED

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Lisa J. Schafer brings this action individually and on behalf of a similarly situated persons against Defendants Allied Interstate LLC, LVNV Funding LLC and Resurgent Capital Services L.P., for violating the Fair Debt Collection Practices Act in attempting to collect a time barred debt without informing the debtor that they cannot be sued on the debt because of the age of the debt. *Buchanan v. Northland Group,* 776 F.3d 393 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) ("it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable.") The letter also failed to inform the debtor that any amount of payment would restart the statute of limitations which also violates the FDCPA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k (FDCPA).

3. Venue and personal jurisdiction over Defendants in this District is proper because:

    a. Plaintiff is a resident of Ionia County located in the District; and

    b. Defendants' conduct at issue was directed to Plaintiff within the District.

## PARTIES

4. Plaintiff is a natural person who resides in Ionia County, Michigan.

5. Allied Interstate LLC is a Minnesota limited liability company. The Michigan Department of Licensing and Regulatory Affairs website does not state a physical location of Allied Interstate's place of business. According to the Michigan Department of Licensing and Regulatory Affairs Allied's license as a collection agency was closed. Its registered agent in the State of Michigan is The Corporation Company, 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI 48170.

6. LVNV is a Delaware limited liability company. The Michigan Department of Licensing and Regulatory Affairs website does not state a physical location of LVNV's place of business. Based on a search Michigan Department of Licensing and Regulatory Affairs website, LVNV is not licensed in the State of Michigan as a collection agency. Its registered agent in the State of Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, MI 48823.

7. On information and belief, LVNV Funding has no employees.

8. Resurgent Capital Services L.P., is a Delaware limited partnership, located in Greenville, South Carolina. It is licensed by the Michigan Department of Licensing and Regulatory Affairs as a collection agency – non-owner manager, license number 2401002998.

Its registered agent in the State of Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, MI 48823.

9. Resurgent Capital Services L.P., is the servicer of the subject debt.

10. None of the Defendants are a "creditor" as defined by 15 U.S.C. § 1692a(4).

11. Defendants each are a "debt collector" as defined by 15 U.S.C. § 1692a(6) in regard to Plaintiff and the putative class.

## FACTS

12. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

13. On information and belief, the subject debt is a "debt" as defined in 15 U.S.C. § 1692a(5) as the account number is sixteen digits, which is typical of a credit card account number and Defendants were not attempting to collect a debt from a business entity.

14. Plaintiff received the letter, a redacted copy of which is attached as Exhibit A, (the "subject letter".)

15. The original of Exhibit A was sent, or caused to be sent, by Allied Interstate.

16. The letter seeks to collect a debt purportedly owned by LVNV.

17. The letter states in part, "LVNV Funding is willing to accept payment in the amount of $237.64 in settlement of this debt."

18. At the time the subject letter was sent, the debt was beyond the Michigan statute of limitations.

19. The subject letter did not inform Plaintiff that she could not be sued upon the debt due to the age of the debt.

20. The letter states in part, "[w]e look forward to receiving your payment."

21.   The letter did not inform Plaintiff that partial payment of the debt would restart the statute of limitations.

22.   When Plaintiff received the subject letter she did not know anything about the subject debt and did not known that the subject debt was beyond the Michigan statute of limitations.

23.   Plaintiff became a little worried after the receipt of the letter, was a little confused by the letter, took time and effort to determine whether the debt was valid and notified Allied Interstate of that fact, requested validation of the debt and provided the contact information of her attorney who was representing her in an unrelated matter.  (Exhibit B).

24.   "[T]he passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt." *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (*quoting Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987)).

25.   Defendant Resurgent sent Plaintiff's attorney a letter dated February 6, 2017, stating in part that, "Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received."  (Exhibit C).

26.   In another letter, also dated February 6, 2017, Defendant Resurgent stated in part it has "enclosed the account summary which provides verification of the debt" and provided an Account Summary showing "[t]he account charge-off date was:     06/08/2007."  (Exhibit D).

27.   Therefore, no later than June 8, 2007, was the last payment or use of the account related to the subject debt.

4

28. Not until receipt of the second February 6, 2017, letter (Exhibit D), was it realized that the debt was time barred.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff incorporates paragraphs 1-28 above herein.

30. Congress in enacting the FDCPA sought to protect consumers from among other acts, deceptive and unfair acts, and therefore the Act was not merely procedural, but substantive and of great importance.

31. The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

32. The debt identified in Exhibit A was beyond the Michigan statute of limitations as of the date of the letter, April 8, 2016.

33. The subject letter, Exhibit A, while making a settlement offer fails to disclosure that Plaintiff could not be sued on the subject debt due to its age and therefore violates the FDCPA. *Buchanan v. Northland Group,* 776 F.3d 393 (6th Cir. 2015).

34. "Requesting a consumer to remit partial payment for an unenforceable debt by giving the consumer the false impression that the debt is legally enforceable" by using the word "settle" violates the FDCPA. *Midland Funding, LLC v. Johnson*, No. 16-348 U.S., Brief of the United States as Amicus Supporting Respondent, p. 15 (*citing McMahon*, 744 F.3d at 1020).

35. The subject letter, Exhibit A, while stating, "[w]e look forward to receiving your payment", does not inform the debtor that a payment would restart the statute of limitations.

36. "Paying anything less that the settlement offer exposes a debtor to a substantial risk." *McMahon*, 744 F.3d at 1021.

37. Defendants' conduct amounts to an unfair and unconscionable practice.

5

38. Plaintiff has the legal substantive right to having disclosed to her that she could not be sued on the debt due to age of debt.

39. Plaintiff has the legal substantive right to having disclosed to her that a payment on the debt less than the full amount of the settlement offer would restart the statute of limitations.

40. Defendants' conduct violated 15 U.S.C §§ 1692e(2)(A), e(5), e(10) which provides:

> (e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (2)(A) The false representation of — the character, amount, or legal status of any debt; or
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer.

## CLASS ACTION

41. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 20011).

42. Pursuant to Rule 23 class definitions may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

43. On information and belief there are more than 40 persons similarly situated to Plaintiff from whom within one year of the filing of this Complaint either received a form letter from Allied Interstate similar to the one received by Plaintiff, making an offer of settlement on a

time barred debt without the letter disclosing that they could not be sued on the debt, and/or that a payment on the debt would restart the statute of limitations.

44. There are questions of law and fact common to each class that predominate over any questions affecting only individual class members.

45. The predominate questions are: (I) whether making a settlement offer and failing to inform the debtor that due to the age of the debt they cannot be sued violates the FDCPA; and (II) whether failing to inform the debtor that making a partial payment would restart the statute of limitations.

46. Plaintiff will fairly and adequately protect the interests of a class.

47. Plaintiff has retained Curtis C. Warner, who is counsel experienced in handling class actions and claims involving unlawful business practices.

48. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff requests that the Court to enter an order that this matter may proceed as a class action, appoint Plaintiff as the class representative and enter any incentive award deemed reasonable by the Court for Plaintiff's services as the class representative, find Defendants each to have violated the Fair Debt Collection Practices Act and enter a judgment in favor of Plaintiff and a certified class for statutory damages, actual damages and attorney's fees and costs of suit as allowed by the FDCPA.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| WARNER LAW FIRM, LLC | GOLDEN LAW OFFICES, P.C. |
| 350 S. Northwest HWY., Ste. 300 | 2186 West Main Street, P.O. Box 9 |

| | |
|---|---|
| Park Ridge, IL 60068 | Lowell, Michigan 49331 |
| (847) 701-5290 | (616) 897-2900 |
| cwarner@warner.legal | btg@bthomasgolden.com |

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
    Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| WARNER LAW FIRM, LLC | GOLDEN LAW OFFICES, P.C. |
| 350 S. Northwest HWY., Ste. 300 | 2186 West Main Street, P.O. Box 9 |
| Park Ridge, IL 60068 | Lowell, Michigan 49331 |
| (847) 701-5290 | (616) 897-2900 |
| cwarner@warner.legal | btg@bthomasgolden.com |