UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LISA J. SCHAFER individually and on behalf of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED INTERSTATE LLC, <br> LVNV FUNDING LLC, and <br> RESURGENT CAPITAL SERVICES L.P. <br><br> Defendants. | Case No.: 1:17-CV-00233 <br><br> Honorable Janet T. Neff <br><br> Magistrate Judge Sally J. Berens |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT AND APPROVAL OF NOTICE PLAN**

NOW COMES Plaintiff Lisa J. Shacfer, individually and on behalf of a certified class and subclass, by and through her counsel, and moves this Honorable Court to grant preliminary approval to the class settlement agreement, between Plaintiff and Defendants Allied Interstate LLC, LVNV Funding LLC and Resurgent Capital Services L.P.  A copy of the Agreement is attached as Appendix A.  Also requested is the approval of the proposed direct class notice plan, Exhibit 1 to the Agreement, to be printed and mailed to the settlement class members by the Class Administrator within 30 days of the Court's approval Order, which provides notice of the claims, the dates for the submission of settlement class members' opt-outs, objections, claims, Plaintiff's petition for attorney's fees and costs, and a final approval hearing to take place.

**MEMORANDUM IN SUPPORT**

**NATURE OF THE LITIGATION**

Plaintiff, individually and on behalf of similarly situated persons, filed a lawsuit in the United States District Court for the Western District of Michigan, captioned *Schafer v. Allied Interstate LLC, LVNV Funding LLC, and Resurgent Capital Services L.P.*, Case No. 1:17-CV-00233 (the "Litigation"). Plaintiff filed her Complaint on March 14, 2017, alleging that, between March 14, 2016, and March 14, 2017, Defendants violated the Fair Debt Collection Practices Act in using a form letter sent, or caused to be sent, by Allied Interstate LLC, seeking to collect a time barred debt from Plaintiff and the putative class members, without informing them that they could not be sued due to the age of the debt and failed to inform them that a partial payment or an agreement to pay would restart the statute of limitations.

## ARGUMENT

Before approving a settlement that would bind the class members, a district court must conclude that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This determination is based on:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

See *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007).

Of these, the most important factor "is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 245 (6th Cir. 2011) (*quoting In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)).

In *Daoust v. Maru Rest., LLC*, No. 17-cv-13879, 2019 U.S. Dist. LEXIS 26587 (E.D. Mich. Feb. 20, 2019) this court noted that:

> [a]t the Preliminary approval stage of a class action settlement, the Court 'ascertain[s] whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing.['] *Sheick v. Auto. Component Carrier, LLC*, No. 09-14429, 2010 U.S. Dist. LEXIS 77676, 2010 WL 3070130, at *11 (E.D. Mich. Aug. 2, 2010), *quoting Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir.1982). '[T]he Settlement Agreement should be preliminarily approved if it (1) 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys,' and (2) 'appears to fall within the range of possible approval.' *Sheick*, 2010 U.S. Dist. LEXIS 77676, 2010 WL 3070130, at *11, *quoting, In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D.Ohio 2001).

*Daoust*, 2019 U.S. Dist. LEXIS 26587 at *3.

Thus, "at the preliminary approval stage, the extent of the district court's inquiry into the appropriateness of class certification and the reasonableness of the settlement terms depends, as it must, on the circumstances of the individual case. Where the size of the class is small, the cost of notice minimal, and the issues discrete, the court may be able to determine that class certification is proper and the settlement is 'within the range of possible approval' with minimal fuss." *In re NCAA Student-Athlete Concussion Injury Litig.*, 2016 WL 305380 at *6 (N.D. Ill. Jan. 26, 2016); *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (at the preliminary approval stage, the Court's analysis should focus on whether the settlement falls "within the range of possible approval," rather than on making a final determination of fairness.)

## I.  Procedural Posture Prior to Settlement

On February 9, 2018, the Court denied Defendants' Rule 12(b)(1) motion to dismiss. On June 28, 2019, the Court granted Plaintiff's motion for summary judgment and denied Defendants' motion for summary judgment. On August 2, 2020, the Court denied Defendants' motion to compel arbitration and granted Plaintiffs' motion for class certification, certifying both a "Class" and 'Subclass" which is restated herein.

On August 10, 2020, Defendants filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit under 9 U.S.C. § 16(a) appealing the Court's Order denying Defendants' motion to compel arbitration. The case was docketed as Case No. 20-1755.

On August 11, 2020, Defendants' Rule 23(f) Petition, a Petition to Appeal, filed pursuant to Fed. R. App. 5, was docketed. On August 19, 2020, Case 20-107. On August 19, 2020, Plaintiff filed her Answer to the Petition to Appeal to the Sixth Circuit. On August 26, 2020, Defendants filed a motion for leave to file a reply and submitted a proposed reply.

**II.   Settlement Negotiations**

On August 30, 2018, the parties participated in-person in Court ordered Voluntary Facilitative Mediation before Bruce W. Neckers without reaching any agreement. ECF No. 78.

On July 17, 2019, from 2:30 to 4:30 p.m., the parties participated in-person in a settlement conference held before Magistrate Judge Carmody without reaching any agreement. ECF No. 146.

On September 3, 2020, the parties (via Zoom) participated in an arms-length mediation before Magistrate Judge Berens for approximately three hours and forty-two minutes without reaching an agreement. ECF No. 227. Magistrate Judge Berens' made a mediation proposal. Id. On September 8, 2020, the parties accepted Magistrate Judge Berens' proposal resolving this case on a class basis, *see* ECF No. 228, and later memorialized all terms in writing including the exhibits to the Agreement. Appendix A.

"There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." 4 Newberg on Class Actions § 11:41; *see also Schulte,* 2010 WL 8816289 at *4 n5. Such a presumption is appropriate here given it was not until after three arms-length negotiations did the parties reach a class settlement.

"The Sixth Circuit and courts in this district have recognized that the law favors the settlement of class action lawsuits. *UAW*, 497 F.3d at 632 (noting "the federal policy favoring settlement of class actions"); *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006) (noting "the general federal policy favoring the settlement of class actions"). *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-01952, 2011 U.S. Dist. LEXIS 150427 *42 (E.D. Mich. Dec. 13, 2011). "Courts also encourage parties to settle class actions early, without expending unnecessary resources." *McCue v. MB Fin., Inc.,* 15-cv-988, 2015 U.S. Dist. LEXIS 96653 * 9 (N.D. Ill. July 23, 2015) (*citing Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 U.S. Dist. LEXIS 144327, 2013 WL 5492998, at *5 (S.D.N.Y. Oct. 2, 2013) ("early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere"). Given the two pending appeals before the Sixth Circuit, Defendants' ability to appeal any final judgment, it should be clear that additional resources and years of time would have expended, but for the parties' Agreement.

### III. The Certified Class and Subclass

The parties' Agreement includes all persons of the Class and Subclass as certified by the Court as follows:

> **Class:** All persons in Michigan who during a time period from March 14, 2016 to March 14, 2017, were sent the subject form letter, and it was not returned, where the debt sought to be collected was in default for more than six years and no payment had been received for more than six years.
>
> **Subclass:** All persons in Michigan who, during a time period from March 14, 2016 to March 14, 2017, were sent the subject form letter, and it was not returned, where the debt sought to be collected was in default for more than six years and no payment had been received for more than six years and whom either made a payment, disputed the debt or requested verification.

Defendants certify that there are 18,465 persons whom compromise the class and 253 persons whom compromise the Subclass that made payments and 386 persons whom either disputed the det or requested verification. Members of the Subclass are also members of the Class.

## IV.     The Settlement Agreement

After considering the years of potential protracted litigation of this case on appeal, potential further appeal of the merits after judgment, and litigation that Defendants LVNV and Resurgent has engaged in two other similar class actions, *McMahon v. LVNV Funding, LLC, et al.,* 12-cv-1410 (N.D. Ill.) (final approval of class settlement entered Mar. 22, 2019), and *Mitchell v. LVNV Funding, LLC,* 12-cv-523 (N.D. Ind.) (final approval of class settlement entered Apr. 14, 2020), in contrast to benefits that the Class and Subclass will receive, especially during a time in which mass unemployment and dire financial conditions exist, class counsel asserts that this Settlement is within the range of reasonableness which can be approved.

Counsel for Plaintiff has reviewed and analyzed the legal and factual issues presented in this action, and have weighed the benefit to the class members against the risks and expense involved in pursuing the litigation to conclusion, the protracted nature of the litigation and the likelihood, costs and possible outcome of Defendants' Rule 23(f) appeal, challenging class certification and appeal of the Court's denying Defendants' motion to compel arbitration.

Plaintiff believes that settlement of this action on the terms and conditions set forth in the Settlement Agreement are within the range of being fair, reasonable and adequate, and would be in the best interests of the members of the Settlement Class. Members of the Class and Subclass will be sent direct notice and members whom do not want to participate in this settlement have the right to opt-out or if they are unsatisfied with the settlement can object. If more than 50 persons opt-out, Defendants retain the right to withdraw from this settlement and continue this litigation.

Pursuant to the Settlement Agreement, the parties have agreed to the settlement of this action on the material financial terms as follows:

(a) Creation of Class Settlement Fund: Defendants shall pay $50,000 (fifty thousand dollars) (the "Class Recovery"), which the Class Administrator will distribute *pro rata* among Class Members who timely return a claim form and do not exclude themselves ("Eligible Class Members"). In FDCPA class actions it is typical for the claims rate not to exceed ten percent (10%). If ten percent of the 18,465 class members submit a claim, each of those class claimants would receive approximately $27.08 (twenty-seven dollars and eight cents).

(b) Separate of the Class Settlement Fund, an automatic payment to the Subclass Members of a total of $32,872.50 (thirty-two thousand eight hundred seventy-two dollars and fifty cents), with each Subclass Member receiving 50% (fifty percent) of the amount the paid on their debt as of October 15, 2018. Members of the Subclass who return a claim form will also be sent a *pro rata* distribution from the Class Settlement Fund;

(c) Relief to the Named Plaintiff: Subject to Court approval and separate from the Class Settlement Fund, Defendant shall pay Plaintiff $1,000 as her statutory damages and as an incentive award as serving as the class representative. Plaintiff's representative participated in written discovery, appeared for her deposition and appeared in person at the Voluntary Facilitative Medication and first settlement conference before the Court, and remotely for the second settlement Conference.

(c) Attorney's Fees and Costs: Subject to Court approval and separate from the Class Settlement Fund, Defendant will pay Plaintiff's counsel $105,000 (one hundred five thousand dollars) as payment of attorney's fees and costs. Plaintiff's counsel will file a petition for attorney's fees on the date calculated in the proposed preliminary approval order, which is 14

days prior to the final opt-out and objection date. This amount is lower that Plaintiff's counsel lodestar amount.

(d) Costs of Notice and Administration: Separate of and in addition to the Class Settlement Fund Defendant will pay for the costs of notice and administration. Such a provision requiring the Defendant to pay for notice outside of any settlement fund to the class is proper. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).

(e) The Settlement Agreement contains a *cy pres* award for the amount of uncashed checks will be awarded to the Michigan State Bar Foundation – Access to Justice Fund. "The Access to Justice Campaign seeks to ensure access and fairness for all in the justice system. The ATJ Campaign is a collaborative centralized campaign, in partnership with the State Bar of Michigan, to increase resources for fifteen regional and statewide civil legal aid programs in Michigan." https://www.msbf.org/about-us/ *last visited* (January 6, 2020).

**V.    The Notice Plan**

**Direct Notice – Class Members**: Notice to the Settlement Class Members shall be provided by direct mail by the Notice and Class Administrator. The Class Administrator will shall give direct notice to each Class Member by sending to the Class Member's last known address in Defendants' records, as updated by the Class Administrator, the Notice of Class Action Settlement (the "Class Notice"), via a letter notice, a copy of which is attached as Exhibit 1 to the Settlement Agreement. Such notice will be mailed 30 days after preliminary approval of the Settlement Agreement (the "Notice Mailing Date"). Plaintiff asserts that the proposed direct notice is, "the best notice that is practicable under the circumstances". *See* Fed R. Civ. P. 23(c)(2)(B). Notice is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen*

*v. Carlisle & Jacqueline*, 417 U.S. 156, 174 (1974). The notice will also provide the recipients a claim form that they can mail back, instructions that they can submit the form on-line or via email, and are provided a web address in which they can obtain more information on the settlement, the proposed long notice, Exhibit 2, including relevant case documents, and a phone number to obtain more information. Plaintiff asserts that the proposed class notice satisfies the requirements under *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) and Rule 23(e), including informing the Class and Subclass members of their right to opt-out or object to the Agreement, the date of the Final Approval Hearing and the ability to appear, including requesting to appear remotely.

**Notice – CAFA**:  Defendants will cause to be sent the required notices under the Class Action Fairness Act, 28 U.S.C. § 1715(b) and its subsections, upon the appropriate State official in which a class member resides and the appropriate Federal official.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order Preliminarily Approving the Class Action Settlement, a copy of the proposed Order agreed to by the parties is attached as Exhibit 3 to the Agreement, which:

(i)  Grants preliminary approval of the parties' Settlement Agreement;

(ii)  Approves and orders the direct notice as set forth in the Settlement Agreement;

(iii)  Sets dates for claims to be made, opt outs, petition for Plaintiff's attorney's fees and costs and objections to be submitted upon the parties filing; and

(iv)  Schedules a hearing for final approval of the class settlement.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St.

9

Suite 250  
Corning, NY 14830  
(888) 551-8685 (TEL)  
cwarner@warner.legal