### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| LISA J. SCHAFER individually and on behalf of similarly situated persons, ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:17-CV-00233 |
| v. ) ) ) | Honorable Janet T. Neff |
| ) ) | Magistrate Judge Sally J. Berens |
| ALLIED INTERSTATE LLC, ) LVNV FUNDING LLC, and ) RESURGENT CAPITAL SERVICES L.P. ) ) | |
| Defendants. ) | |

### ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS,** the Parties have reached a settlement and compromise of the dispute between them and other similarly situated persons in the Action, which is set forth in the Agreement filed with the Court;

**WHEREAS,** the Parties have applied to the Court for preliminary approval of the proposed Settlement of claims of the proposed Settlement Class; and

**WHEREAS,** it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a hearing should be held after Notice being sent to the Settlement Class, allowing them time to file a claim, opt-out or object to the Agreement, for the Court to finally determine whether the proposed Agreement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

**THE COURT FINDS AND ORDERS AS FOLLOWS**:

1. The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class (which consists of the Class and Subclass members as identified in ¶ 4 of this Order), as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing as to the approval of the Settlement.

3. The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations.

4. The settlement is premised upon the Class and Subclass certified by the Court on August 2, 2020, as follows:

> Class: All persons in Michigan who during a time period from March 14, 2016 to March 14, 2017, were sent the subject form letter, and it was not returned, where the debt sought to be collected was in default for more than six years and no payment had been received for more than six years.
>
> Defendants certify that 18,465 persons whom comprise the Class.
>
> Subclass: All persons in Michigan who, during a time period from March 14, 2016 to March 14, 2017, were sent the subject form letter, and it was not returned, where the debt sought to be collected was in default for more than six years and no payment had been received for more than six years and whom either made a payment, disputed the debt or requested verification.
>
> Defendants certify that 253 persons of the Subclass made payments totaling $65,745. Defendants certify that 386 persons either disputed the debt or requested verification.
>
> All members of the Subclass are members of the Class.

5. Defendants shall contract for the services of a Class Administrator in this Action.

6. The Court approves, as to form and content, the use of a Notice and Claim Form substantially similar to the form attached as Exhibit 1 to the Settlement Agreement.

7. The cost of the Notice and administration of the Agreement shall be paid by Defendants as allocated between themselves, and invoiced directly to Defendants by the Class Administrator. This amount is to be paid separate from the Settlement Fund.

8. The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of <u>Federal Rule of Civil Procedure 23</u>.

9. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement must submit to the Class Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than ninety (90) days from the deadline for sending Notice.

10. Each request for exclusion must be personally signed by the individual Settlement Class Member; so-called "mass" or "class" opt outs shall not be allowed. No person shall purport to exercise any exclusion rights for any other Person, or purport to exclude any other Settlement Class Member as a group, aggregate or class involving more than one Settlement Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that

is the subject of the purported opt out shall be treated as a member of the Settlement Class and be bound by the Settlement.

11. Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Fairness Hearing.

12. Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement, to Class Counsel's Attorney's Fees and Costs application, and/or to the application for an Incentive Award to named Plaintiff. Any such Settlement Class Member shall have the right to appear and be heard at the Fairness Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must submit a claim and the Settlement Class Member, or their attorney, must file with the Court the Settlement Class Member's specific objections to the Agreement no later than ninety (90) days from the date of the sending of the Notice. Any Settlement Class Member who fails to comply with the objection requirements in this paragraph shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise.

13. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any released claim against Defendants by any class member, in any action, arbitration, or proceeding in any court, arbitration forum, or tribunal.

14. Further proceedings in this matter shall proceed according to the schedule listed below:

| Event | Scheduled Date |
| --- | --- |
| CAFA Required Notice sent to the Appropriate Federal and State Authorities | 10 days after the filing of the motion for preliminary approval |
| Notice mailing deadline | Within 30 days of a Class Administrator being able to mail out a class notice to the Settlement Class Members. |
| Incentive Award and Attorney's Fees applications due | 60 days after the sending of the notice to the Settlement Class Members. |
| Last day for Settlement Class Members to opt out of Settlement | 90 days after the notice is sent to the Settlement Class Members. |
| Last day for objections to the Settlement to be filed with the Court | 90 days after the notice is sent to the Settlement Class Members. |
| Parties to file responses to objections, if any | 100 days after the notice is sent to the Settlement Class Members. |

Service of all papers on counsel for the parties can be made by mail or email as follows:

**For Plaintiff**: By Mail: B. Thomas Golden, Golden Law Offices, P.C., 318 E. Main Street, Ste. L. P.O. Box 9, Lowell, Michigan 49331, or in case of disability or death, to Curtis C. Warner, 5 E. Market St. Ste. 250, Corning, NY 14830.  By email: cwarner@warnerlawllc.com

**For Defendants**: By Mail : James A. Rolfes, REED SMITH LLP, 10 South Wacker Dr., 40th Floor, Chicago, Illinois 60606.  By email.  jrolfes@reedsmith.com.

15. In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall

become null and void, shall be of no further force and effect, and shall not be used or referred to for any purpose whatsoever, including without limitation for an evidentiary purpose (including but not limited to class certification) in this Action or any other action. In such event, the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

16. The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

17. A Fairness Hearing shall be held before this Court to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate including the settlement amount provided to the claiming class members, Class Counsel's and his co-counsel's Attorney Fee request, and Plaintiff's Incentive Award request; and (b) whether the Final Approval Order and Judgment should be entered. The Fairness Hearing may be postponed, adjourned or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members with respect to the rights being settled.

18. The parties shall file a motion for final approval and judgment, and a proposed final approval order and judgment, <u>not later than 21 days before the Fairness Hearing</u>. Notice to issue setting a Fairness Hearing.

19. Parties, their attorneys and class members may appear remotely via Zoom, other video conferencing technology, or telephonically established by the Court.

Dated: January 15, 2021

/s/ Janet T. Neff  
Hon. Janet T. Neff  
United States District Court Judge