# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LISA J. SCHAFER individually and on behalf of similarly situated persons, ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:17-CV-00233 |
| v. ) ) ) | Honorable Janet T. Neff |
| ) ) | Magistrate Judge Sally J. Berens |
| ALLIED INTERSTATE LLC, LVNV FUNDING LLC, and RESURGENT CAPITAL SERVICES L.P. ) ) ) ) ) | |
| Defendants. ) | |

### JOINT MOTION AND MEMORANDUM IN SUPPORT OF
### FINAL APPROVAL OF
### CLASS ACTION SETTLEMENT

### MOTION

NOW COMES Plaintiff Lisa J. Schafer, individually and on behalf of a settlement class, and Defendants Allied Interstate LLC, LVNV Funding LLC, and Resurgent Capital Services L.P. ("Defendants"), by and through their counsel, and pursuant to this Court's January 15, 2021 Order preliminarily approving the parties' class settlement, ECF No. 252, who hereby jointly move this Honorable Court for final approval of the parties' class action settlement. The parties further submit their memorandum in support outlining the notice and claims process and in support that the settlement is within the rage of what is fair, reasonable, and adequate justifying final approval.

WHEREFORE, the parties request this Honorable Court to enter a final Order approving for the distribution of the class funds allocated to all of the class members who returned a timely claim form, for the distribution of the subclass payments to all the subclass members regardless of

whether they returned a claim form, award Plaintiff the requested $1,000 award, and counsel attorney's fees and costs in the amount of $105,000, as the Agreement here is fair, reasonable and adequate, thus satisfying Rule 23's requirements.

## MEMORANDUM IN SUPPORT

## QUESTION PRESENTED

Whether the parties' class settlement Agreement is fair, reasonable and adequate, which would permit the Court to grant final approval of the class action settlement on the terms negotiated by the parties?

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 23(a)(1)-(4); Fed. R. Civ. P. 23(e); *UAW v. GMC*, 497 F.3d 615 (6th Cir. 2007).

## ARGUMENT

### I.   DISSEMINATION OF NOTICE AND SETTLEMENT CLASS' RESPONSE

On January 21, 2021, Defendants sent the appropriate state and federal government officials notice of the proposed class action settlement of this action as required under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).  ECF Nos. 255, 255-1.  Defendants served the notice required under 28 U.S.C. §1715(b) more than 90 days before the Fairness Hearing, which is scheduled for July 1, 2021, as required under 28 U.S.C. §1715(d).  No state or federal government official objected or contacted counsel for the parties in regard to the parties' proposed class action settlement of this action.

After processing the settlement class members through the Coding Accuracy Support System and the National Change of Address update process, and removing 1,282 exact duplicates,

notice to the settlement class members was sent on February 26, 2021, to 17,183 settlement class members. (Exhibit A, Hughes Decl. ¶¶ 9-10).

In addition to the Notice of Class Action Settlement being sent directly to the class members, which provided instructions on how to make a claim for money and provided other information regarding the class member's rights, including the right to object and opt-out, the notice provided the website www.MichiganFDCPA.com, a telephone number for the Class Administrator, and class counsel's toll-free telephone number.  The Class Administrator's website was accessed 1,893 times and the phone number was called 66 times.  (Exhibit A, Hughes Decl. ¶¶ 4, 6).  Mr. Warner spoke with over 20 persons who had indicated that they received the notice in the mail and had questions about the settlement.

All costs of notice and administration of the settlement were paid by Defendants in a manner set forth in the Settlement Agreement and are to be paid in addition to the settlement fund allocated to the payment of the class claims.  Such a provision requiring Defendants to pay for notice outside of any common fund is proper. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).

## II.   NO OBJECTIONS, ONE OPT-OUT AND 1,264 VALID AND TIMELY CLAIM FORMS RECEIVED

No objections were received.  As of June 10, 2021, one opt-out was received by Mr. Warner via email.  (Exhibit A, Hughes Decl. 15); (Exhibit B) (Opt-out of from Patrick Grace).

As of the claims cut-off date, May 27, 2021, a total of 1,264 valid and timely claim forms were received by the Class Administrator, comprised of 627 online claims, and 637 claims received by mail or email (including 1 filed with the Court by Yun Zhang, ECF No. 262, which was forwarded to the Class Administrator).  (Exhibit A, Hughes Decl. ¶¶ 16-18).   3 claim forms

have been received after the May 27, 2021 claims cutoff date. (Exhibit A, Hughes Decl. ¶¶ 19-20).

3 timely claim forms were returned but were either signed by someone other than the addressee, or not signed. (Id. ¶ 21). The Class Administrator sent a letter to each person whom provided a deficient claim form requesting more information and the opportunity to rectify the deficiency. (Id.) As of June 4, 2021, the Class Administrator has not received a response from any of these persons. (Id.). As such, those deficient claims shall not be considered valid. One claim was signed by the decedent's widow. By stipulation of the parties, the claim filed by the decedent's widow was accepted as valid.

### III. OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT

Plaintiff, individually and on behalf of similarly situated persons, filed a lawsuit in the United States District Court for the Western District of Michigan, captioned *Schafer v. Allied Interstate LLC, LVNV Funding LLC, and Resurgent Capital Services L.P.*, Case No. 1:17-CV-00233 (the "Litigation"). Plaintiff filed her Complaint on March 14, 2017, alleging that, between March 14, 2016, and March 14, 2017, Defendants violated the Fair Debt Collection Practices Act in using a form letter sent, or caused to be sent, by Allied Interstate LLC, seeking to collect a time barred debt from Plaintiff and the putative class members, without informing them that they could not be sued due to the age of the debt and failed to inform them that a partial payment or an agreement to pay would restart the statute of limitations. ECF No. 1.

#### A. Procedural Posture Prior to Settlement and Settlement Negotiations

On February 9, 2018, the Court denied Defendants' Rule 12(b)(1) motion to dismiss. ECF No. 36. On June 28, 2019, the Court granted Plaintiff's motion for summary judgment and denied Defendants' motion for summary judgment. ECF No. 144. On August 2, 2020, the Court denied

4

Defendants' motion to compel arbitration and granted Plaintiffs' motion for class certification, certifying both a "Class" and "Subclass" which is restated herein. ECF No. 208.

On August 10, 2020, Defendants filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit under 9 U.S.C. § 16(a) appealing the Court's Order denying Defendants' motion to compel arbitration. ECF No. 211. The case was docketed as Case No. 20-1755.

On August 11, 2020, Defendants' Rule 23(f) Petition, a Petition to Appeal, filed pursuant to Fed. R. App. 5, was docketed as Case No. 20-107. On August 19, 2020, Plaintiff filed her Answer to the Petition to Appeal to the Sixth Circuit. On August 26, 2020, Defendants filed a motion for leave to file a reply and submitted a proposed reply.

### B. Settlement Negotiations

On August 30, 2018, the parties participated in-person in Court ordered Voluntary Facilitative Mediation before Bruce W. Neckers without reaching any agreement. ECF No. 78.

On July 17, 2019, from 2:30 to 4:30 p.m., the parties participated in-person in a settlement conference held before Magistrate Judge Ellen S. Carmody without reaching any agreement. ECF No. 146.

On September 3, 2020, the parties (via Zoom) participated in an arms-length mediation before Magistrate Judge Sally J. Berens for approximately three hours and forty-two minutes without reaching an agreement. ECF No. 227. Magistrate Judge Berens made a mediatior's proposal. Id. On September 8, 2020, the parties accepted Magistrate Judge Berens' proposal resolving this case on a class basis, *see* ECF No. 228, and later memorialized all terms in writing including the exhibits to the Agreement. ECF No. 248-1.

### IV. THE SETTLEMENT AGREEMENT

The parties' Agreement includes all persons of the Class and Subclass as certified by the Court as follows:

**Class:** All persons in Michigan who during a time period from March 14, 2016 to March 14, 2017, were sent the subject form letter, and it was not returned, where the debt sought to be collected was in default for more than six years and no payment had been received for more than six years.

**Subclass:** All persons in Michigan who, during a time period from March 14, 2016 to March 14, 2017, were sent the subject form letter, and it was not returned, where the debt sought to be collected was in default for more than six years and no payment had been received for more than six years and whom either made a payment, disputed the debt or requested verification.

Defendants certified that there are 18,465 persons whom compromise the Class and 253 persons of the Subclass made payments and 386 persons whom either disputed the det or requested verification. Members of the Subclass are also members of the Class.

The Settlement Agreement, contained the material financial terms as follows:

(a) The Class Settlement Fund: Defendants shall pay $50,000 (fifty thousand dollars) (the "Class Recovery"), on a *pro rata* basis to Class Members who timely return a claim form and do not exclude themselves. In FDCPA class actions it is typical for the claims rate not to exceed ten percent (10%). Here of the 18,465 Class Members, 1,264 submitted a timely claim form. Therefore, the claims rate in this settlement is 6.85%, and each claimant will receive $39.56. The claims rate in this case is similar to another FDCPA case involving direct mail notice to the Michigan settlement class members in *Sowles v. Weltman, Weinberg & Reis, Co., LPA,* 2:19-cv-10254-TBG-MKM (E.D. Mich.), in which 1,275 of the 16,107 non-duplicative settlement class members, 7.9%, filed a claim. *Id.*, ECF No. 44 (E.D. Mich. Sept. 22, 2020). If the Court finds the 3 claim forms submitted after the May 27, 2021 claims cutoff date to be valid, the *pro rata* payment for each claimant will be $39.46. Plaintiff requests that the Court find these late claims to be valid.

(b) Separate of the Class Settlement Fund, an automatic payment to the Subclass Members of a total of $32,872.50 (thirty-two thousand eight hundred seventy-two dollars and fifty cents), with each Subclass Member receiving 50% (fifty percent) of the amount the paid on their debt as of October 15, 2018. Members of the Subclass who return a claim form will also be sent a *pro rata* distribution from the Class Settlement Fund;

(c) The parties' Agreement provided that as to Ms. Schafer, subject to the Court's approval, Defendants will pay her $1,000 as her actual and statutory damages and includes any incentive award for her attending her deposition, two settlement conferences and one mediation. The Agreement also provides that Defendants will not further pursue the debt. No one objected to the proposed $1,000 award to Ms. Schafer or the term that Defendants would no longer pursue the debt.[1]

(d) Attorney's Fees and Costs: Defendants have agreed to pay Plaintiff's counsel $105,000 as attorney's fees and costs, subject to the Court's approval. No one objected to the amount of attorney's fees and costs provided for under the Agreement. The Court has the discretion to use a percentage of the benefit to the class or a loadstar approach. *Gascho v. Global Fitness Holdings, LLC.,* 822 F.3d 269, 280 (6th Cir. 2016). Congress enacted the FDCPA as a fee shifting statute entitling a successful attorney to a reasonable attorney's fees award to be determined by the Court. 15 U.S.C. § 1692k(a)(3). Reasonable attorney's fees in fee shifting cases are typically calculated under the "lodestar method." *Gascho,* 822 F.3d at 279) (citation omitted). In accordance with the Preliminary Approval Order, counsel for Plaintiff and the

---

[1] Any debtor could provide written notice to Defendants to cease communications with them regarding the debt, 15 U.S.C. § 1692c(C), and given that the debt is time barred, Defendants in this circumstance would not be able to purse the debt

settlement class submitted their motion for attorney's fees and costs, ECF No. 256, setting forth their reasonable hourly rates and the time expended demonstrating a lodestar amount of attorney's fees of $127,180 for Mr. Warner and $66,426.60 for Mr. Golden, along with $6,540.06 advanced by Mr. Warner's firm and him as a solo practitioner and $173.09 advanced by Mr. Golden. Additional time in addressing the phone calls of the class members and addressing claims issues between counsel and claims administration, and associated with this motion and memorandum were not included within $200,319.75 amount. The total lodestar amount of reasonable attorneys' fees expended and actual costs as of the filing of the petition equaling $200,319.75, is well above the $105,000 in attorney's fees and costs provided for under the Agreement.

(e)   Costs of Notice and Administration:  Separate of and in addition to the Class Settlement Fund, Defendants will pay for the costs of notice and administration. Such a provision requiring the Defendants to pay for notice outside of any settlement fund to the class is proper. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).

(e)   The Settlement Agreement contains a *cy pres* award for the amount of uncashed checks will be awarded to the Michigan State Bar Foundation – Access to Justice Fund. "The Access to Justice Campaign seeks to ensure access and fairness for all in the justice system. The ATJ Campaign is a collaborative centralized campaign, in partnership with the State Bar of Michigan, to increase resources for fifteen regional and statewide civil legal aid programs in Michigan." https://www.msbf.org/about-us/ *last visited* (June 2, 2021).

**V.     THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT**

A court should approve a settlement if that settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591 (1997), the United States Supreme Court explained that, before approving a class action settlement, the

District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.*, at 621.

Before approving a settlement that would bind the class members, a district court must conclude that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This determination is based on:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

See *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007).

The Court has had the opportunity to evaluate factors 1-5 and 7 in preliminarily approving the class settlement. In granting preliminary approval, the Court directed that notice be provided to the class members so that they could react to the settlement. Notice have been provided to the class members, none have objected, and 1 out of the 18,465 Class Members opted-out of the settlement. (Exhibit A, Hughes Decl. ¶¶ 7-18). The parties assert that the lack of opposition of the class members and that only one opt-out was submitted, further supports the final approval of the settlement.

## CONCLUSION

WHEREFORE, for the reasons stated herein, in the Motion for Preliminary Approval, and in Plaintiff's Memorandum in Support of an Incentive Award and Attorney's fees, the Parties respectfully request that this Court enter an Order approving the Agreement, finding it fair, reasonable and adequate, directing a distribution of the *pro rata* share of the settlement fund to each class member who returned a valid claim form, permit the 3 claim forms submitted after the May 27, 2021 claims cutoff date to be valid, directing a distribution of the subclass payments to

all the subclass members, awarding Plaintiff $1,000 for her damages and as an incentive award, and awarding Plaintiff's counsel $105,000 as reasonable attorney's fees and costs.  The parties further request that the Court retain jurisdiction over the settlement to, among other things, distribute the funds for any uncashed checks to the designated *cy pres* recipient, the Michigan State Bar Foundation – Access to Justice Fund, within 135 days after the distribution of the class members' checks.

                                                  Respectfully submitted,

<u>/s/ Curtis C. Warner</u>
Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY 14830
(888) 551-8685 (TEL)
cwarner@warner.legal

B. Thomas Golden (P70822)
GOLDEN LAW OFFICES, P.C.
318 E. Main St., Ste. L, P.O. Box 9
Lowell, MI 49311
(616) 827-2900 (TEL)
btg@bthomasgolden.com

*Counsel for Plaintiff Lisa J. Schafer*

<u>Daniel C. Kirby (w/ consent)</u>
Daniel C. Kirby (IL SBN 6320927)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Phone: (312) 207-1000
dkirby@reedsmith.com

*Counsel for Defendants Allied Interstate LLC,*
*LVNV Funding LLC, and Resurgent Capital*
*Services L.P.*